1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 13-80127 WHA

IN THE MATTER OF

Marilyn S. Scheer – #132544

**ORDER OF SUSPENSION**

_____/

     A prior order required Marilyn S. Scheer to show cause why her membership in the bar of this Court should not be suspended due to her involuntary inactive enrollment status in the State Bar of California. Her state bar membership was changed to involuntary inactive status due to her failure to pay a fee arbitration award. Ms. Scheer timely responded with a declaration and other materials contesting reciprocal discipline in the bar of this Court. This order holds that reciprocal discipline is warranted.

     Although Ms. Scheer did not comply with the requirement under Local Rule 11-7(b)(2) that she file a certified copy of the entire record, this order concludes that less than the entire record will suffice. Upon review of the materials submitted by Ms. Scheer it is clear that the none of the bases under Local Rule 11-7(b)(2) for abstaining from reciprocal discipline are met. The Local Rule requires:

        facts establishing one or more of the following: (a) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (b) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s) on that subject; (c) imposition of like discipline would result in a grave injustice; or (d) other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s).

**United States District Court**
For the Northern District of California

1    The materials submitted by Ms. Scheer demonstrate that she was permitted notice and an

2    opportunity to be heard in the state bar proceedings.  She also filed a motion for reconsideration

3    and a petition to the California Supreme Court for a writ of review and a stay of the state bar

4    decision — both of which were denied.  Thus, a deprivation of due process has not been

5    established.

6         Although Ms. Scheer dislikes the repayment terms that were offered her for the

7    arbitration award debt, she misconstrues the basis of the state bar decision.  She was not placed

8    on involuntary inactive status for her failure to pay the arbitration under any particular terms, but

9    simply for her failure to pay.  There are no issues of infirmity of proof because Ms. Scheer's

10   failure to pay is uncontested.

11        Ms. Scheer claims that the award should not be enforced because she is indigent, but her

12   conclusory declaration does not set forth sufficient facts to permit a finding of indigency.  She

13   further argues that the state bar unreasonably rejected her offer of a payment plan, but she does

14   not presents sufficient facts to establish that state bar acted unreasonably.  To the contrary, the

15   correspondence provided by Ms. Scheer evinces a hard but negotiated bargain that Ms. Scheer

16   ultimately rejected as unsatisfactory.  For the same reasons, she has not established that the

17   imposition of reciprocal discipline by this Court would result in a grave injustice.

18        Ms. Marilyn S. Scheer's membership in the bar of this Court is accordingly **SUSPENDED**.

20        **IT IS SO ORDERED.**

22   Dated:   September 3, 2013.

                                                    WILLIAM ALSUP
                                                    UNITED STATES DISTRICT JUDGE